# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WOOD, | : | Case No. 2:24-cv-00165 |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ANNETTE CHAMBERS SMITH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Wood, an inmate at London Correctional Institution ("LoCI") who is proceeding without the assistance of counsel, filed this civil rights action. This matter is before the undersigned Magistrate Judge to issue a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction, which states in full:

> NOW COMES Michael Wood *pro se* and in good faith, who requests this court to issue a preliminary injunction to prevent officials at LoCI from perpetrating additional retaliation, harassment, abuse and transferring me to another institution while the case is pending. Indeed, based on the allegations in my *pro se* complaint, this court should be concerned that prison officials might retaliate against me for filing suit. See *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). The end result would otherwise be unreasonable, undue hardship and deprivation of programming for which ODRC specifically assigned me here to receive.

(Motion for Preliminary Injunction ("Motion"), Doc. No. 3, PageID 110.) For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Motion be **DENIED.**

1

I.      LEGAL STANDARD

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distrib. Of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017). However, "[a] preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Moreover, when a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, *2 (W.D. Mich. Mar. 2, 2009) (citing cases).

A plaintiff seeking a preliminary injunction must establish that: (1) he has a strong likelihood to succeed on the merits; (2) he is likely to suffer irreparable harm without the injunction; (3) the injunction would not cause substantial harm to others; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 19 (2008); *ACLU of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003). Although the Court must balance these factors, the failure to establish either a likelihood of irreparable harm, *Winter*, 555 U.S. at 20, or a likelihood of success on the merits, *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000), is usually fatal.

In addition, the party requesting injunctive relief must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). This requirement exists because "[t]he purpose of interim equitable relief is to protect the movant, during the

pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id*. (internal quotations and citation omitted). A plaintiff cannot seek an injunction relating to conduct that is not challenged in the complaint. *Id*.

## II. ANALYSIS

Plaintiff's Motion does not acknowledge or address the factors that the Court must consider before granting preliminary injunctive relief. The Motion also does not identify specific irreparable harm connected to the claims in this case, explain why such harm is likely to occur without an injunction, or proffer any evidence in support of the claimed need for a preliminary injunction. After considering the two most important factors (success on the merits and irreparable harm), the undersigned concludes that Plaintiff has not met his burden of establishing an entitlement to preliminary injunctive relief.

### A. Likelihood Of Success On The Merits

Plaintiff's claims in this litigation remain in flux. As noted in the Court's May 21, 2024 Order, Plaintiff filed three complaints consisting of nearly 100 pages and sued seventeen Defendants based upon different and unrelated incidents. (Doc. No. 9, PageID 233-53.) Although the incidents involve a common theme—namely, Plaintiff's belief that the First Amendment allows him to speak freely without being punished even though prison rules penalize disrespect—they also involve different facts, different Defendants, and different proof, and so could not be consolidated. (*Id*. at PageID 255.) The Court therefore permitted Plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure. (*Id*. at PageID 256.)

Plaintiff promptly filed an Amended Complaint (Doc. No. 10) that consists of 29 pages and sues eight Defendants. The undersigned is in the process of reviewing the Amended Complaint as part of its required initial screen. Given the absence of evidence to prove the merits of Plaintiff's remaining claims, the undersigned concludes that Plaintiff has not met his burden of demonstrating a likelihood of success on the merits.

B. <u>**Likelihood Of Irreparable Harm**</u>

Plaintiff has only made vague complaints of fears of retaliation, harassment and abuse. He did not identify specific irreparable harm that is concrete, immediate, and tied to claims in the Amended Complaint. There is no legal or evidentiary basis for finding that any future actions that Defendants may take to punish Plaintiff's violations of prison rules will necessarily constitute retaliation. Accordingly, the undersigned concludes that Plaintiff has not met his burden of demonstrating a likelihood of irreparable harm.

For the foregoing reasons, the undersigned concludes that Plaintiff has not met his burden of demonstrating an entitlement to preliminary injunctive relief. Therefore, the undersigned **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) be **DENIED**.

IT IS SO ORDERED.

                                                    */s/ Caroline H. Gentry*
                                                    Caroline H. Gentry
                                                    United States Magistrate Judge

PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).